UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT MITCHELL, | ) CASE NO. C08-0980-MJP-MAT |
| Plaintiff, | ) |
| v. | ) ORDER RE: PLAINTIFF'S |
| | ) PENDING MOTIONS |
| RODNEY ASKELSON, et al., | ) |
| Defendants. | ) |

This is a civil rights action brought under 42 U.S.C. § 1983. Currently pending before the Court are plaintiff's motion to resubmit his previously stricken summary judgment motion, plaintiff's second motion for appointment of counsel, and plaintiff's second and third motions for appointment of a jury. The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby find and ORDER:

(1) Plaintiff's motion to resubmit his previously stricken motion for summary judgment (Dkt. No. 39) is DENIED. Plaintiff, by way of the instant motion, seeks leave of Court to resubmit a motion for summary judgment which he originally submitted to the Court before his complaint was ordered served on defendants and which was stricken by the Court as premature.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS
PAGE -1

While plaintiff may, if he chooses, pursue summary judgment at this time, he may only do so by way of a motion which fully complies with the requirements of Local Rule CR 7(b). The motion papers thus far submitted by plaintiff do not comply with these requirements as plaintiff has provided no proof that he has served his motion papers on the opposing parties nor has plaintiff identified a proper noting date for his summary judgment motion.

(2) Plaintiff's second motion for appointment of counsel (Dkt. No. 41) is DENIED. As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel.

(3) Plaintiff's second and third motions for appointment of a jury (Dkt. Nos. 45 and 47) are STRICKEN. Plaintiff has already submitted a jury demand which has been accepted by the Court. (*See* Dkt. No. 30 and Dkt. No. 32 at 1 n. 1.) Accordingly, the instant motions are moot.

(4)  The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Marsha J. Pechman.

DATED this <u>24th</u> day of October, 2008.

                                          /s/ Mary Alice Theiler
                                          Mary Alice Theiler
                                          United States Magistrate Judge