UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT MITCHELL, ) CASE NO. C08-0980-MJP-MAT
)
    Plaintiff, )
)
  v. ) ORDER RE: PENDING MOTIONS
)
RODNEY ASKELSON, et al., )
)
    Defendants. )
)

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at this time on plaintiff's motions to reverse communication cessation, to add six defendants to his complaint, to appeal for certiorari, to appoint counsel, and for summary judgment. Also before the Court are defendants' cross-motions to stay or strike further non-dispositive motions pending the Court's ruling on summary judgment.[1] The Court, having reviewed the pending motions, does hereby find and ORDER as follows:

(1) Plaintiff's motion to reverse communication cessation (Dkt. 82) is DENIED. At issue here is an order directing plaintiff to stop all mail and phone/third party

---

[1] Defendants recently filed a motion for summary judgment which is noted on the Court's calendar for consideration on April 17, 2009.

ORDER RE: PENDING MOTIONS
PAGE -1

correspondence with an individual named Clara Heldman which was issued by George Gilbert, the Chief Investigator for the Office of Correctional Operations at the McNeil Island Corrections Center. Plaintiff claims that the order constitutes censorship and that neither he nor Ms. Heldman approved this censorship. Plaintiff suggests that the challenged order violates both his rights and those of Ms. Heldman.

The Court first notes that the challenged order was issued by an individual who is not a party to this lawsuit and over whom this Court therefore has no jurisdiction. The Court further notes that plaintiff's representation that Ms. Heldman did not approve this "censorship" is patently false. In fact, the record reflects that it was Ms. Heldman who requested that plaintiff be prohibited from communicating with her because of concerns regarding the content of letters directed to both her and to her eight year old daughter. Plaintiff provides no valid basis for relief requested in the instant motion and relief is therefore denied.

(2) Plaintiff's motion to add six defendants to his complaint (Dkt. 83) is DENIED. Plaintiff is, in effect, seeking to amend his complaint. However, plaintiff has not supplied the Court or defendants with any proposed amended complaint setting forth the claims he intends to assert against the proposed new defendants. In the absence of a proposed amended complaint, the instant motion must fail.

(3) Plaintiff's motion to appeal for certiorari (Dkt. 85) is DENIED. Plaintiff, by way of the instant motion, seeks to have the instant action moved to a higher court in a different state. However, it is clear from the face of the amended complaint that jurisdiction over plaintiff's claims is vested in the district court and that venue is proper in this judicial district. See 28 U.S.C. §§ 1331 and 1391(b). If plaintiff does not prevail in this Court he may then seek

review by a higher court.

(4)  Plaintiff's motion to appoint counsel (Dkt. 87) is DENIED.  As plaintiff has previously been advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.  Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se.  Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel.

(5)  Plaintiff's motion for summary judgment (Dkt. 88) is STRICKEN.  Plaintiff indicates in his motion for summary judgment that the motion is based on defendant Lopez's failure to comply with the discovery rules.  The Federal Rules of Civil Procedure make various remedies available when a party fails to cooperate in the discovery process.  *See* Fed. R. Civ. P. 37.  However, summary judgment is not one of them.  Plaintiff's motion is, in effect, one to compel discovery.  The Court may consider a motion to compel discovery only when that motion is accompanied by a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures.  See Fed. R. Civ. P. 37(a)(1).  Plaintiff fails to demonstrate that he made any reasonable effort to resolve the issues in dispute

with defendants' counsel prior to bringing his motion.  The Court therefore declines to address the substance of plaintiff's arguments.

(6) Defendants' cross-motion to stay or strike any further non-dispositive motions pending the Court's decision on summary judgment (Dkts. 86 and 89) are DENIED.  While the Court concurs with defendants' assessment that a majority of the motions filed thus far by plaintiff border on the frivolous, the Court declines to issue a blanket order staying or striking any future non-dispositive motions.  Defendants are advised, however, that they will not be expected to respond to any future motions which do not comply with the rules of this Court requiring that all motions be accompanied by proof that they have been served on the opposing party. (*See* Local Rule 7(b)(1) and Dkt. 55 at 3.)

(7) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Marsha J. Pechman.

DATED this 24th day of March, 2009.

                    s/ Mary Alice Theiler
                    United States Magistrate Judge